[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, whose birth name was Cody, was married to the defendant husband on July 18, 1986 at Newtown, Connecticut. She has resided in the State of Connecticut, continuously, for at least one year prior to the commencement of this dissolution CT Page 907 proceeding.
Two children were born to the wife, both issue, to wit: Sarah E. Edgerton, born October 18, 1988; and Emily A. Edgerton, born June 14, 1992.
The marriage has broken down irretrievably, there is no reasonable prospect of reconciliation, and a judgment of dissolution may enter.
This marriage has had a troubled history almost from the date of its inception. There have been at least three extra-marital sexual affairs by the husband, one of which was his wife's sister.
He also conceived a child prior to his marriage, born after his marriage. The mother of this child is Kathleen Waininger, with whom he commenced an affair in 1992. Again, in 1994, he had another affair, this time with Kathleen Waininger's sister, Deborah, with whom he presently lives. He refused any attempt at marriage counseling.
Clearly, his behavior was the overwhelming cause of the breakdown of this marriage.
The wife has a one year college education (1979-1980), and one year of computer programming (1981-1982).
She was employed full-time, prior to the marriage, at Drywall Associates. She left before the birth of her first child and returned in 1993 to part-time at her prior place of employment. She works twenty to twenty-five hours per week at $13.50 per hour with no medical benefits.
In July 1990, they purchased the marital residence with a down payment of $70,000, which money came from his parents. In 1993, his parents paid off the $90,000 mortgage.
She has not had a raise since 1989.
The husband is employed by a very successful company established by his father. After completing high school, he took classes in the evening in order to be licensed and certified in heating and air conditioning. CT Page 908
The court finds both of the parties very honest and convincing. The husband appears to accept full responsibility for the breakdown of the marriage.
The husband is the owner of 6.1 percent of the family business. His base salary is $60,000 per annum, plus he receives a bonus check each year. More often than not, that check is returned to the business.
Having considered all of the evidence and the statutory mandate of Connecticut General Statutes §§ 46b-81, 46b-82 and46b-84, the court further orders as follows:
1. The parties are awarded joint custody of the minor children, with primary residence vesting in the plaintiff wife. The husband shall have reasonable and flexible rights of visitation.
2. Child support shall be in the amount of $280, which amount is in substantial compliance with the Child Support Guidelines. A wage execution is ordered to secure said sum.
3. The husband shall maintain medical and dental insurance for the minor children as available through his employment. All unreimbursed medical and dental expenses shall be divided equally between the parties. These orders are entered subject to Connecticut General Statutes § 46b-84(d).
4. The husband shall pay to the wife the sum of $125 as periodic alimony until the happening of the first of the following events: (a) death of either party; (b) remarriage by the wife; (3) January 1, 2006.
5. The husband to take the eldest child as an exemption, and the wife to take the youngest child.
6. All of the household furniture to become the property of the wife.
7. The husband shall name the wife as irrevocable beneficiary of all his existing insurance policies for so long as he is obligated to pay child support.
8. The husband shall convey all of his right, title and interest in the real estate to his wife. CT Page 909
9. Each of the parties shall be responsible for his or her own attorney's fees and expenses.
Mihalakos, J.